J-A04011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN JACOB | : | |
| | : | |
| Appellant | : | No. 432 EDA 2019 |

Appeal from the Judgment of Sentence Entered September 19, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0204512-1998

BEFORE:   PANELLA, P.J., STRASSBURGER, J.[*], and COLINS, J. [*]

MEMORANDUM BY PANELLA, P.J.:          **FILED FEBRUARY 28, 2020**

John Jacob appeals the judgment of sentence imposed after he was resentenced pursuant to ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016), and ***Miller v. Alabama***, 567 U.S. 460 (2012). As we find no basis to conclude that Jacob's new sentence is either illegal or unconstitutional, we affirm.

Jacob pleaded guilty to first-degree murder and related charges stemming from an incident that occurred in 1997 when he was seventeen years old. In 1999, Jacob was sentenced to a term of life imprisonment without the possibility of parole.

After the United States Supreme Court decided ***Miller*** and then ***Montgomery***, Jacob filed a Post Conviction Relief Act ("PCRA") petition

---

[*] Retired Senior Judge assigned to the Superior Court.

seeking a new sentence. *See* 42 Pa.C.S.A. §§ 9541-9546. *Miller* established that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 567 U.S. at 465. Correspondingly, *Montgomery* held that "*Miller* announced a substantive rule that is retroactive in cases on collateral review." 136 S.Ct. at 732. Pursuant to these precedents, the PCRA court granted Jacob post-conviction relief, vacated his original sentence, and imposed a new sentence of thirty years to life in prison.

After the PCRA court crafted his new sentence, Jacob filed a timely post-sentence motion, which was denied by operation of law. Jacob filed a timely notice of appeal, and both Jacob and the PCRA court have complied with the dictates of Pa.R.A.P. 1925.

Jacob raises two issues for our review:

> 1) Should Jacob have been resentenced under the offense of third-degree murder because the only legislatively authorized punishment for first-degree murder committed by a juvenile was stricken as unconstitutional pursuant to *Miller*, and the Pennsylvania Supreme Court continually violates due process by binding courts to mandatory minimums that only apply to post-*Miller* offenders?
>
> 2) Is sentencing juveniles convicted of first-degree murder to a maximum sentence of life imprisonment unconstitutional?

*See* Appellant's Brief, at 3.

The gravamen of Jacob's first argument is that, pursuant to the plain

language of 18 Pa.C.S.A. §1102.1(a)[1], "no valid punishment for first-degree murder exists for pre-***Miller*** juvenile offenders[.]" ***Id.***, at 8. Accordingly, he believes his sentence is illegal as he "cannot be sentenced for [a first-degree murder] offense, but only for a lesser included offense for which he may have been convicted under his guilty plea and for which a lawful penalty is available (i.e., third-degree murder)." ***Id***.

Our Supreme Court has unequivocally rejected Jacob's statutory construction and interpretation argument. ***See Commonwealth v. Batts***, 163 A.3d 410, 457 (Pa. 2017) ("***Batts II***") (holding that there is "no support for the proposition that juveniles convicted of first-degree murder pre-***Miller*** should be sentenced as though they were convicted of third-degree murder"); ***see also*** Appellant's Brief, at 8 n.2 (recognizing that his argument "was rejected by the Pennsylvania Supreme Court"). Instead, ***Batts II*** clearly permits the construction of a legal sentence for those convicted of first-degree murder prior to the enactment of 18 Pa.C.S.A. § 1102.1 and further directs courts to use that section as a guideline at resentencing. ***See Commonwealth v. Melvin***, 172 A.3d 14, 20-21 (Pa. Super. 2017). As we are bound by our Supreme Court's decision in ***Batts II***, ***see Commonwealth v. Shaffer***, 734 A.2d 840, 844 n.6 (Pa. 1999), Jacob's contention necessarily

---

[1]This sentencing subsection, enacted post-***Miller***, only affects those "convicted after June 24, 2012[.]" 18 Pa.C.S.A. § 1102.1(a).

fails.

However, Jacob, in the same section of his brief, additionally suggests that the holding of **Batts II**[2] expands the purview of section 1102.1(a) and violates an individual's right to due process because it impacts his "right to a fair warning, notice, and liberty." Appellant's Brief, at 9. Similarly, Jacob avers that **Batts II** effectively establishes the sentencing range for first-degree murder committed by a juvenile, which is a function that belongs exclusively to the legislature. **See id**., at 10.

While Jacob frames **Batts II** as the establishment of a sentencing range for juveniles convicted of first-degree murder pre-**Miller**, the Court merely declared that 18 Pa.C.S.A. § 1102.1(a) should act as a guidepost at resentencing. **See** 163 A.3d at 480. In doing so, it sought to adhere to the "policy determination made by the General Assembly as to the minimum sentence a juvenile convicted of first-degree murder must receive." **Id**., at 481; **see also** 1 Pa.C.S.A. § 1901 (identifying that statutes should be observed in a manner consistent "with the manifest intent of the General Assembly").

---

[2]**Batts II** instructs the sentencing court to "be guided by section 1102.1(a) in determining the minimum term of imprisonment," 163 A.3d at 480-81, when resentencing those convicted prior to June 24, 2012. Further, the Supreme Court clarified that "guidance from the statute is not intended to intrude upon a sentencing court's discretion to determine an appropriate, individual sentence for a given offender, but instead to advance the long-recognized goals of uniformity and certainty in sentencing decisions." **Id**., at 481.

Here, while section 1102.1(a) necessitates a minimum sentence of thirty-five years, **see** 18 Pa.C.S.A. § 1102.1(a), Jacob notably received a minimum sentence of thirty years. Although Jacob is correct that section 1102.1(a) exclusively applies to juveniles convicted after June 24, 2012, **see** Appellant's Brief, at 9, the Court in **Batts II** interpreted the General Assembly's intent as desiring a similar application of the law to those convicted prior to that date. **See** 1 Pa.C.S.A. § 1922(1) (identifying the presumption that "the Generally Assembly does not intend a result that is absurd"). Therefore, the Supreme Court did not, as Jacob avers, set up a rigid and quasi-statutory sentencing range at the expense of the General Assembly nor did it create an absurd result by treating those juveniles convicted prior to June 24, 2012, differently from those juveniles convicted after that date. Instead, **Batts II** provided sentencing courts with a guideline that roughly approximates what the Court ascertained the General Assembly's intent to be, which it was completely within its power to do. Accordingly, Jacob's argument fails.

Jacob's second issue asks us "whether it is unconstitutional to mandate a maximum sentence of life imprisonment on juveniles convicted of murder." Appellant's Brief, at 12. Jacob contends that **Miller** obligates sentencing courts to fashion sentences that "appropriately reflect[] the individual circumstances of each juvenile and the offense." **Id**., at 14. Conversely, he argues that by requiring the imposition of a mandatory maximum sentence of life

imprisonment, just as has happened here, our courts are continually operating in violation of *Miller*.

Our Supreme Court in *Commonwealth v. Batts* ("*Batts I*") held that a juvenile convicted of first-degree murder prior to *Miller* would be subject to "a mandatory maximum sentence of life imprisonment as required by [s]ection 1102(a), accompanied by a minimum sentence determined by the common pleas court upon resentencing." 66 A.3d 286, 297 (Pa. 2013). The Court further identified that this sentencing scheme is "in accord with the dictates of the Eighth Amendment as set forth in *Miller*, as well as the Pennsylvania Legislature's intent as reflected in the relevant statutory provisions." *Id*. While Jacob frames this specific component of *Batts I* as having not been "presented to or addressed by the Court in *Batts II*," Appellant's Brief, at 13, there is nothing to suggest, in *Batts II* or its progeny, that this pronouncement does not remain the law to this day.

As such, we are bound by our Supreme Court's mandate in *Batts I* when it concluded that a mandatory maximum sentence of life imprisonment for juveniles convicted of first-degree murder is constitutionally permissible. *See Commonwealth v. Ligon*, 206 A.3d 1196, 1200-01 (Pa. Super. 2019) (maintaining that a maximum term of life imprisonment for pre-*Miller* juveniles is statutorily required under *Batts I* and *Batts II* and that reliance on *Songster v. Beard*, 201 F.Supp.3d 639 (E.D. Pa. 2016), as a federal case with no precedential value in Pennsylvania's state courts, is unavailing).

Accordingly, **Batts I** requires courts to sentence pre-**Miller** juveniles to a mandatory term of life imprisonment, and it was not error for the sentencing court in this instance to adhere to that dictate.

As both of Jacob's issues invoke subjects explicitly governed by the decisional case law of our Supreme Court, we are constrained to conclude that there was nothing illegal or unconstitutional about Jacob's new sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/28/20